UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHEL ERIC BENNOUCHENE d/b/a EMBV MEDIA,<br>　　　　Plaintiff,<br><br>vs.<br><br>VIDEOAPP, Inc., a Nevis corporation d/b/a PPVNETWORKS,<br>　　　　Defendant. | Civil Action №: 19 cv 6318<br><br>**Jury Trial Demanded** |

## COMPLAINT

Michel Eric Bennouchene alleges as follows:

### INTRODUCTION

1. This action for copyright infringement, breach of contract and an accounting is based on Defendant's unlawful actions made in connection to and arising out of a now-terminated licensing contract (the "Contract") between the Parties. Defendant has copied and distributed works not covered in the Contract and has failed to make payments due under the Contract. Plaintiff seeks damages sustained as a result of Defendant's unlawful activity and to enjoin any further unlawful activity.

### NATURE OF PROCEEDING AND RELIEF SOUGHT

2. Plaintiff EMBV Media brings this action against Videoapp, Inc. pursuant to 17 U.S.C. §501 *et seq.* and New York common law to enjoin the transactions, acts, practices, and

courses of business alleged in this Complaint and to seek orders of disgorgement, damages, prejudgment interest, attorneys' fees and costs, and such further relief as the Court may deem appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over plaintiff's state common law claims pursuant to 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendants because Defendant resides in this District and solicits, transacts, and is doing business within the Jurisdiction; Defendant has committed unlawful and intentional tortuous acts both within and outside the Jurisdiction. As such, Defendant has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction.

5. The Contract provides that it "shall be enforced in accordance with the laws in New York, USA."

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 28 U.S.C. §1400(a).

## THE PARTIES

7. Plaintiff Michel Eric Bennouchene is a resident and citizen of France who produces adult videos as EMBV Media.

8. Defendant VideoApp, Inc. is a Nervis corporation that resides in and does business in New York as PPVNetworks.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

9. EMBV Media has created adult content and operated an adult website at ericvideos.com since 2002.

10. On March 1, 2017, EMBV Media entered into a written licensing agreement ("the Contract") with PPVNetworks.

11. Under the terms of the Contract, EMBV granted PPVNetworks "a license allowing it to use and the right to use and incorporate [EMBV] Content into [PPVNetworks] Sites." The Contract defines "Sites" as "membership websites operated by PPVNetworks using proprietary technology owned by PPVNetworks, using Domain Names jointly owned by PPVNetworks and [EMBV] until termination of [the] agreement, promoting Content owned by [EMBV] but licensed […] by PPVNetworks for use on the Sites."

12. Under the terms of the Contract, the domain name EricRaw.com was used by PPVNetworks in association with the sale of EMBV content on the PPVNetwork Sites, and the domain name registration ericraw.com was to be held jointly by the two parties and transferred to EMBV after the termination of the Contract subject to a 12-month tail period.

13. The Contract also permitted PPVNetorks to sublicense the works to video-on-demand providers during the term of the Contract, with a percentage of the revenue earned from the sublicenses going to EMBV.

14. The Contract also allowed PPVNetworks to distribute physical DVDs internationally through a distributor during the term of the Contract.

15. The Contract was exclusive to PPVNetworks with the exception that EMBV could continue to use all EMBV content on the website ericvideos.com, which is solely owned and operated by EMBV.

16. The length of the Contract was twenty-four months beginning on March 1, 2017, "renewable annually, automatically at its anniversary date, unless one of the parties notifie[d] the other in writing, of its intention not to renew, at least three (3) months before the end of the initial term or at least three (3) months before the end of any renewal period thereafter."

17. On November 28, 2018, by written notice through counsel, EMBV notified PPV Networks that it was terminating the Contract. Thus, the Contract terminated on February 29, 2019.

18. Under the terms of the Contract, PPVNetworks is permitted to continue to use content provided EMBV during the term of the Contract on PPVNetworks website for twelve (12) months ("Tail Period").

19. The Contract does not permit PPVNetwork to use any works during the tail period if the work was not provided during the term of the Contract.

20. Nor does the Contract permit PPVNetworks to continue any sublicensing or physical DVD distribution after the termination date.

21. After sending notice of Plaintiff's termination of the Contract, Plaintiff offered to permit PPVNetworks to continue a sublicensing arrangement with AEBN upon the express condition that PPVNetworks make timely payments of the amounts due under the various terms of the Contract. No final agreement was entered into and PPVNetworks has failed to make any payments since that time. Defendant has continued to sublicense Plaintiff's copyrighted works to AEBN.

22. Plaintiff is informed and believes and based thereon alleges, the Defendant has continued to sell physical DVDs through a sublicense with a third party.

## FIRST CLAIM
## COPYRIGHT INFRINGEMENT – 17 U.S.C. §501

23. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

24. Plaintiff holds the exclusive ownership of the copyrights in the movie "Bastian Se Fait Remplir par 2 Lascar" ("the Work").

25. The Work is registered with United States Copyright Office. The registration date being, April 9, 2019 and the registration number being PA-002181432.

26. The Work was not included in the materials provided to PPVNetworks under the Contract.

27. Plaintiff is informed and believes and based thereon alleges that PPVNetworks, copied the Work from Plaintiff's website at Ericvideos.com.

28. EMBV did not grant PPVNetworks permission to use the Work.

29. PPVNetworks, has continued to sublicense Plaintiff's copyright protected materials to video-on-demand companies.

30. Plaintiff is informed and believes and based thereon alleges that PPVNetworks, in conjunction with a separate distributor, has without authorization, continued to sell, duplicate, and distribute unauthorized and unlicensed copies of Plaintiff's copyrighted material in DVD format.

31. Defendant's actions constitute copyright infringement pursuant to 17 U.S.C. §501.

32. Defendant's unlawful reproduction, sale, and distribution of these works is willful.

## SECOND CLAIM
## BREACH OF CONTRACT

33. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

34. PPVNetworks breached the Contract by failing to provide EMBV Media with "real-time reports check, and audit revenues" as required under section 3.4 of the Contract.

35. PPVNetworks breached the Contract by routinely failing to timely make payments through wire transfer or ACH by the 10th of month for the prior month's transactions.

36. The timeliest payment Defendant made was 39 days late and one occasion payment was 80 days late. Excluding the four payments currently due, defendant paid an average of 53 days late.

37. Plaintiff, on numerous occasions, informally notified Defendant of late payment breaches, generally via e-mail or text messages.

38. On June 7, 2019, through counsel, Plaintiff notified Defendant that he continued to be in breach of the Contract by failing to make licensing payments for the months of March, April, and May of 2019. Despite Plaintiff's demand for payment, no payment has been received.

39. Plaintiff is informed and believes and based thereon alleges that PPV Networks violated the Contract by failing to "employ digital fingerprinting technology" and by failing to "do its best to track down and seek justice from those violating copyright law by illegally distributing [EMBV] Content" as required by section 5.2 of the Agreement.

40. Plaintiff is informed and believes and based thereon alleges that PPVNetworks violated the Contract by failing to "issue DMCA takedown notices on well known sites that it

has relationships with and are exhibiting [EMBV] Content without permission" as required by section 5.3 of the Agreement.

41. After Plaintiff notified Defendant that he would terminate the contract at the end of the initial term, Defendant blocked access to revenue information previously available through a shared Google Sheet document.

42. Similarly, but more recently, Defendant blocked Plaintiff's access to a Google Sheet document used to manage the available videos.

43. The forgoing constitutes a breach of the Parties written Contract..

44. Plaintiff has suffered damages as a result of Defendant's said breach of the Contract in an amount unknown to Plaintiff at this time, but which should be ascertained through an Accounting as hereinbelow alleged.

## THIRD CLAIM
## AN ACCOUNTING

45. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

46. Plaintiff is entitled Plaintiff's actual damages and all Defendant's illicit profits attributable to the infringing acts herein described.

47. The amount of compensatory damages due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant.

48. Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendant.

## JURY DEMAND

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1) That the Court enter a judgment against Defendant that it has willfully infringed Plaintiff's exclusively held rights to copy, sell, and distribute the Work identified herein and has otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

2) That the Court enter a judgment against Defendant that it has willfully breached the written Contract between the Parties and has otherwise injured the business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

3) That the Court issue injunctive relief against Defendant, and that Defendant, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from reproducing, posting, selling, distributing, or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by, registered to, or exclusively licensed to Plaintiff;

4) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under its control;

5) That the Court enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff as a result of Defendant's illegal activities;

6) That the Court order Defendant to pay Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for the willful infringement of Plaintiff's copyrights;

7) That the Court order Defendant to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 505;

8) That the Court order Defendant to pay pre and post judgment interest according to law; and

9) That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated: July 8, 2019                    Respectfully submitted,

_____
EDWARD S. RUDOFSKY
ZANE AND RUDOFSKY
The Starrett Lehigh Building
601 West 26th Street, # 1315
New York, New York  10001
(212) 245-2222
erudofsky@zrlex.com

-and-

D. GILL SPERLEIN*
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, CA  94102
(415) 404-6615 X103
gill@sperleinlaw.com

*Application for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff*