**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHEL ERIC BENNOUCHENE,

     Plaintiff,

               v.

VIDEOAPP, INC.,

     Defendant.

Civil Action No. 19 CV 6318 (GBD)

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR COSTS

     Defendant Videoapp, Inc. ("Defendant") respectfully submits this memorandum of law in support of its motion for an award of costs under Fed. R. Civ. P. 68 and 17 U.S.C.§ 505.

## PRELIMINARY STATEMENT

     Defendant made a formal Rule 68 Offer of Judgment.  Plaintiff did not accept.  He then dismissed all of his claims.  The amount of the Offer of Judgment exceeds Plaintiff's zero-dollar recovery.  Because this is a copyright action, the law in the Second Circuit requires an award of costs — including attorney fees — Defendant incurred after the Offer of Judgment.[1]

## PROCEDURAL HISTORY

     Plaintiff is an an actor in and producer of adult videos.  (Complaint (cited as "Compl.") (ECF Doc. No. 1) at 7; *see* License Agreement (Mullen Decl. Ex. B) at § 4.1.)  He commenced this action on July 8, 2019 seeking damages against Defendant video distributor for copyright infringement and other state law causes of action.  (*See generally* Compl.)

---

[1] *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

Defendant served a formal Offer of Judgment pursuant to Fed. R. Civ. P. 68 on September 3, 2019.  (*See* Mullen Decl. ⁋ 3 & Ex. A.)  Plaintiff did not accept.  (*Id.* ⁋ 8.)  The Offer of Judgment expired fourteen days later by operation of Rule.  Fed. R. Civ. P. 68.

On October 7, 2019, Plaintiff dismissed the action without prejudice by filing a notice of dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).  (ECF Doc. No. 17.)

## PLAINTIFF DISMISSED HIS BASELESS ACTION
## TO AVOID AN INEVITABLE MERITS RULING IN DEFENDANT'S FAVOR

Had Plaintiff not voluntarily dismissed the action, Defendant's time to respond to the Complaint would have expired later the same day.  (*See* ECF Doc. No. 16.)  Defendant intended to file a motion to dismiss all of Plaintiff's claims, (Fed. R. Civ. P. 12), and for an award of costs (Fed. R. Civ. P. 68), as Plaintiff's counsel was aware, (Mullen Decl. ⁋ 9).

Plaintiff's copyright claim was and is meritless because Defendant's use of Plaintiff's work was authorized under a broad, exclusive License Agreement.  (Compl. ⁋ 11.)  The License Agreement allowed Defendant to use Plaintiff's work "[n]otwithstanding Plaintiff's termination of the [License Agreement]." (*See* License Agreement (Mullen Decl. Ex. B.) § 2.3.)

Had the Court elected to retain jurisdiction over the remaining state-law claims, (*see* 28 U.S.C. § 1367(c)), those too would have been dismissed.  Among other things, Plaintiff Mr. Bennouchene has no standing to sue under the contract:  he is not a party to it.  (*See* Compl. ⁋ 10 ("EMBV Media entered into a written licensing agreement … with [Defendant]."; License Agreement at 1 (describing agreement between EMBV Media, "a French corporation principally owned and operated by [Plaintiff Mr. Bennouchene] …" and Defendant).)

As Plaintiff's eleventh-hour dismissal makes clear, all of Plaintiff's claims are meritless. And Plaintiff plainly dismissed the action in an attempt to avoid a judgment of dismissal.

### RULE 68 REQUIRES AN AWARD OF COSTS TO DEFENDANT

Under Rule 68, a party "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68.  If the plaintiff's recovery "is not more favorable than the unaccepted offer, the [plaintiff] must pay the costs incurred after the offer was made." *Id.*

In a copyright action, "costs" awardable under Rule 68 includes attorneys' fees. *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007); *see also* 17 U.S.C. § 505.  Therefore, "when the plaintiff in a copyright action recovers less than the defendant's formal offer of judgment under Rule 68 of the Federal Rules of Civil Procedure," the law in the Second Circuit "*requires* an award to defendant of its fees incurred after that offer." *Baker*, 431 F. Supp. 2d at 361 (citing *Nimmer on Copyright* § 14.10[B] at 14-139, 14-140 (Matthew Bender & Co., Inc. 2005) (emphasis added) (quotations and punctuation omitted).

Plaintiff recovered zero dollars in this action.  (*See* ECF Doc. No. 17.)  The amount of Defendant's Offer of Judgment was greater than zero dollars.  (Mullen Decl. ¶ 5 & Ex. A.) Plaintiff did not accept the Offer of Judgment.  (*Id.* ¶ 8.)  Plaintiff therefore "must pay the costs incurred" by Defendant "after the offer was made." Fed. R. Civ. P. 68(d).

**AMOUNT AND NATURE OF COSTS**

Defendant has necessarily incurred costs and attorney fees to defend this meritless action.  Costs in a copyright suit include attorney fees.  *Id.*

Since September 4, 2019, Defendant's counsel has spent time and effort attempting to confer with Plaintiff's counsel regarding Defendant's meritorious defenses; describing Defendant's anticipated Rule 12 motion; engaging in settlement discussions (including discussions regarding the cost-shifting effect of Defendant's Rule 68 Offer of Judgment); researching and drafting the motion to dismiss and for costs, with supporting memorandum and declarations; and filing the present application for costs.  (Mullen Decl. Ex. C.) Defendant does not seek any of the categories of costs enumerated in 28 U.S.C. § 1920.  It seeks only attorney fees incurred since September 4, 2019, totaling $6,741.50.  (Mullen Decl. Ex. C.)

**CONCLUSION**

For the reasons stated, Defendant respectfully requests that the Court award costs in the amount of $6,741.50.

DATED:      October 7, 2019
            New York, New York

MULLEN P.C.

Wesley M. Mullen (WM1212)
Mullen P.C.
200 Park Avenue, Suite 1700
New York, NY 10166
(646) 632-3718
wmullen@mullenpc.com

*Counsel for Defendant*