**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
MICHEL ERIC BENNOUCHENE d/b/a EMBV :
Media, :
: No. 19-CV-6318 (GBD) (OTW)
Plaintiff, :
: **MEMORANDUM OPINION & ORDER**
-against- :
:
VIDEOAPP, Inc., a Nevis corporation d/b/a :
PPVNetworks, :
:
Defendant. :
:
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

This matter has been referred to me for both Defendant Videoapp, Inc.'s ("Defendant") Motion for Attorney's Fees pursuant to Rule 68 and subsequent Motion for Entry of Judgment pursuant to Rule 58. (ECF 22; ECF 29). For the following reasons, both of Defendants' motions are DENIED.

**I.    Background**

Plaintiff Michel Eric Bennouchene ("Plaintiff"), a French adult video producer, brings this copyright suit against Defendant for distributing and licensing Plaintiff's copyrighted works without permission. Complaint ("Compl.") (ECF 1) ¶¶ 7-8, 28-31. In March 2017, Plaintiff had entered into a 24-month licensing agreement with Defendant, whereby Defendant was authorized to (1) use Plaintiff's content on Defendant's websites, (2) sublicense Plaintiff's works to third-party video-on-demand providers, and (3) distribute Plaintiff's works by DVD internationally. Compl. ¶¶ 11-14. Three months before the termination of the contract, Plaintiff notified Defendant that it would not be seeking to renew the licensing agreement. Compl.

¶¶ 16-17. The licensing agreement therefore was terminated as of February 28, 2019.[1] Compl. ¶ 17. As part of the licensing agreement, Defendant was permitted a 12-month extension post-termination to continue using Plaintiff's content on Defendant's websites, but was not permitted post-termination to continue distributing DVDs or sublicensing content to third-parties. Compl. ¶¶ 18-20.

Plaintiff alleges that Defendant has continued to sublicense Plaintiff's works to third-party video-on-demand companies and to distribute Plaintiff's works on DVDs. Compl. ¶¶ 29-30. In addition, Plaintiff alleges that Defendant's websites have been using one of Plaintiff's movies that was not originally covered under the licensing agreement. Compl. ¶¶ 24-26.[2] Accordingly, Plaintiff brings claims of copyright infringement under 17 U.S.C. §501, breach of contract,[3] and accounting. Compl. ¶ 31-48.

Plaintiff filed his complaint on July 8, 2019. (ECF 1). On September 3, 2019, Defendant made a Rule 68 offer of judgment to Plaintiff, which ultimately was not accepted. (ECF 20 at 1; ECF 21-1). On September 10, 2019, Judge Daniels granted Defendant's request for an extension of time to respond to the complaint to October 7, 2019. (ECF 16). Before Defendant filed any response to the complaint, Plaintiff filed a voluntary dismissal of the action on October 7, 2019 pursuant to Rule 41(a)(1)(A)(i). (ECF 17).

---

[1] The Complaint lists the termination date as February 29, 2019, but as 2019 was not a leap year, Plaintiff likely meant February 28. *See* Compl. ¶ 17.

[2] Plaintiff suspects that Defendant copied the movie from Plaintiff's website. Compl. ¶ 27.

[3] Plaintiff alleges numerous breaches of the licensing agreement, including failure to make timely payments and failure to vigilantly prosecute illegal distribution of Plaintiff's copyrighted materials. Compl. ¶¶ 34-43.

Defendant now seeks recovery of attorney's fees and costs under Rule 68, claiming that because Plaintiff voluntarily dismissed his claims, Plaintiff ended up with a less favorable outcome than if he had accepted Defendant's Rule 68 offer. (ECF 20 at 3). After Defendant opposed the motion by pointing out that no judgment had been entered, as required for a Rule 68 recovery, Plaintiff then filed a motion under Rule 58 for an entry of judgment dismissing the action without prejudice. (ECF 26).

## II. Discussion

Defendant seeks to recover attorney's fees under Federal Rule of Civil Procedure 68. Under Rule 68, a defendant may offer to have judgment entered against them for a sum certain. Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). Defendant argues that because Plaintiff's voluntary dismissal essentially amounted to a "zero-dollar recovery," Plaintiff obtained a less favorable outcome than if he had accepted Defendant's Rule 68 offer of judgment. (ECF 20 at 3). As a result, Defendant seeks recovery of its $6,741.50 in attorney's fees. (*Id*. at 4).[4]

Rule 68 is clear on its face that recovery of costs are warranted only if the offeree obtains a less favorable "judgment." *See* Fed. R. Civ. P. 68(d). As Defendant acknowledges, there has been no judgment entered. Before Defendant responded to the complaint, Plaintiff filed a dismissal pursuant to Rule 41(a)(1)(A)(i), which permits a plaintiff to voluntarily dismiss an action without a court order any time before the defendant serves either an answer or a

---

[4] In copyright actions, such as this one, Rule 68 "costs" include attorney's fees. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006).

motion for summary judgment. (ECF 17). In a case with a similar posture to this one, the Court denied a Rule 68 motion in recognition that "a voluntary dismissal without prejudice does not operate as a judgment." *McDermott v. Monday Monday, LLC*, No. 17-CV-9230 (DLC), 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018). Likewise, Rule 68 does not apply here.

Defendant attempts to remedy this defect by now seeking an entry of judgment under Rule 58 dismissing Plaintiff's claims without prejudice. (ECF 26). This would still not salvage Defendant's quest for costs. The text of Rule 68 limits its application to judgments that "the offeree finally obtains," not judgments that the offeror, here Defendant, seeks. In *Delta Air Lines, Inc. v. August*, the U.S. Supreme Court confirmed that Rule 68 only applies to situations where the *plaintiff* obtained a judgment for less than the Rule 68 offer, not when the plaintiff lost. *Id.*, 450 U.S. 346, 352 (1981). Otherwise, a defendant could make a frivolous Rule 68 offer and recover costs merely by prevailing, which runs counter to the purpose of Rule 68. *Id*. at 352-53. Because Plaintiff did not obtain—nor does he seek—a judgment, Defendant's Rule 68 motion is DENIED.[5]

Accordingly, Defendant has not shown any reason to enter judgment under Rule 58. Moreover, entry of judgment is unnecessary here as Plaintiff's dismissal already terminated the case upon its filing. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 111 (2d Cir. 2012) ("Rule 41(a)(1)(A) is the only form of dismissal requiring no court action to be effective."). As

---

[5] Although Defendant references the Copyright Act, Defendant makes clear that costs are only being sought "based on an unaccepted Rule 68 offer" and that the citation to the Copyright Act is only to show that attorney's fees are recoverable as "costs" for copyright actions. (ECF 19 at 1). In its reply, Defendant rebuts Plaintiff's opposition to recovery under the Copyright Act by clarifying that "Defendant does not claim prevailing party status" under the Copyright Act and that "the application for fees is based on Rule 68." (ECF 24 at 3 n. 3).

discussed above, a judgment sought by Defendant would not change the Rule 68 analysis either. Accordingly, Defendant's Rule 58 motion is DENIED.

III. **Conclusion**

For the foregoing reasons, Defendant's Rule 68 motion for costs and Rule 58 motion for entry of judgment are both DENIED. The Clerk of Court is directed to close ECF 19 and ECF 26.

**SO ORDERED.**

Dated: January 30, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge